43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John A. PARAVECCHIO, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent,
PITTSBURG & MIDWAY COAL MINING COMPANY, Real Party in Interest.
 No. 94-9533.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner seeks review of the decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) denial of benefits under the Black Lung Benefits Act, 30 U.S.C. 901-45. The Pittsburgh & Midway Coal Mining Company is the responsible operator. See 20 C.F.R. 725.492, 742.493. Having jurisdiction pursuant to 33 U.S.C. 921(c), we review the Board's decision "for errors of law and for adherence to the substantial evidence standard governing the Board's review of the [ALJ's] factual determinations." Maddaleni v. Director, OWCP, 961 F.2d 1524, 1525 (10th Cir.1992)(quotations omitted). We cannot reweigh the evidence, but may only inquire whether evidence exists to support the ALJ's findings of fact. Hansen v. Director, OWCP, 984 F.2d 364, 368 (10th Cir.1993).
 
 
 3
 Petitioner argues that he established that he suffered from pneumoconiosis, as legally defined, see 20 C.F.R. 718.201, based upon the opinion of his treating physician, see id. 781.202(a)(4), that petitioner's work in the coal mines substantially aggravated his asthma. See id. 718.201 (legal definition of pneumoconiosis includes "any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment"). Petitioner argues, therefore, that the Board erred in denying benefits after affording greater weight to the opinions of two consulting physicians, who indicated petitioner's coal mine employment had not substantially aggravated his asthma, over the treating physician's opinion.
 
 
 4
 A treating physician's opinion is entitled to substantial weight unless good cause is shown to the contrary. See Hansen, 984 F.2d at 368 (citing to Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987)). Petitioner's treating physician, Dr. Pluss, concluded that petitioner's asthma was substantially aggravated by his coal mine employment because of the marked improvement in his condition after he quit working in the coal mines in January 1990. The Board, in affirming the ALJ's decision, determined that good cause existed to discount the treating physician's opinion because the objective medical evidence in the record did not support the conclusion that petitioner's condition had markedly improved after he quit working. Upon review of the record as a whole, we must agree.
 
 
 5
 Pulmonary function tests conducted in January 1991, after petitioner had quit working in the coal mines, produced the worst tests results up to that point. Similar tests completed in April 1993 produced still worse results. While petitioner's treating physician asserted that these poor test results could be the result of the variability of petitioner's asthma, there are no other objective test results in the record indicating that these two increasingly poor test results do not accurately represent the actual progression of his asthma. Although the treating physician indicated that petitioner's need for the medication Prednisone had decreased following his quitting work, the medical evidence documents a consistent range of doses between ten and twenty milligrams. Further, the type and number of prescription medications petitioner takes remained generally the same. Because the treating physician's assessment that petitioner's condition had markedly improved following termination of his coal mine employment was contrary to the objective medical evidence contained in the record, the ALJ did not err in choosing to rely, instead, on the opinions of two consulting physicians. See Hansen, 984 F.2d at 368 ("task of weighing conflicting medical evidence is within the sole province of the ALJ").
 
 
 6
 The decision of the Benefits Review Board is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470